# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| JATOYA D. BOSTOCK | : | Case No. 3:17-cv-325 |
| --- | --- | --- |
| Plaintiff, | : | |
| | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| WESTLAKE FINANCIAL | : | |
| SOLUTIONS LLC., et al. | : | |
| | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I.  Introduction

Debt collectors must treat consumers fairly by aligning their conduct with the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*. This is no small matter: The FDCPA aims to " 'eliminate abusive debt collection practices by debt collectors.' " *Macy v. GC Services Limited Partnership*, 897 F.3d 747, 759 (6th Cir. 2018) (quoting 15 U.S.C. § 1692(e)).

*Pro se* Plaintiff JaToya Bostock claims that Defendants Westlake Financial, Inc. and its employee and/or agent Relentless Towing, Inc. violated the FDCPA by falsely representing the character, amount, or legal status of a debt Plaintiff owed under the terms of a car loan. Plaintiff also alleges that Defendants obscured the disclosures

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

required by the FDCPA. The case is pending upon Defendant Westlake's Motion for Judgment on the Pleadings (Doc. #36), to which Plaintiff has not responded.

## II. Pleading Standards

Review of a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) applies the same pleading standards as review of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). Like all plaintiffs facing a Rule 12(c) or 12(b)(6) Motion, the factual allegations advanced in Plaintiff's Complaint are accepted as true, and her Complaint is construed in her favor. *Jackson v. Professional Radiology Inc.*, 864 F.3d 463, 467 (6th Cir. 2017). Given her *pro se* status, she is "afforded liberal construction of [her] pleadings and filings." *Yagley v. Occupational Safety & Health Admin.*, 461 F. App'x 411, 414 (6th Cir. 2012) (citing *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)).

Plaintiff's Complaint must allege facts sufficient to notify Defendants of the claims she asserts, and she must plead facts that are sufficient to identify a plausible legal claim. *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009) ). To be plausible, Plaintiff's legal claims must be more than merely possible. *Id.* " '[A] legal conclusion couched as a factual allegation' need not be accepted as true ..., nor are recitations of the elements of a cause of action sufficient." *Id.* (citations omitted).

A Rule 12(c) "motion may be granted only if the moving party is ... clearly entitled to judgment." *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted). A party is clearly entitled to judgment under Rule 12(c) "if

2

there is an absence of law to support a claim of the type made or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim." *Mayrides v. Delaware County Comm'rs*, 666 F.Supp.2d 861, 866 (S.D. Ohio 2009) (Marbley, D.J.) (citation omitted).

> While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint [ ] also may be taken into account," *Barany–Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (quoting *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)), without converting the motion into one for summary judgment."

*Prado v. Mazeika*, 3:16cv320, 2018 WL 4521935, at *3 (S.D. Ohio 2018) (Rice, D.J.).

### III. Plaintiff's Factual Allegations

Accepting Plaintiff's factual allegations as true and liberally construing her Complaint in her favor, reveals the following. On June 3, 2016, Plaintiff purchased an automobile from Mycol Auto Sales. She financed this purchase in part by borrowing $7,613.53 from Mycol Auto, and Plaintiff and Mycol Auto documented this in a Retail Installment Contract and Security Agreement. (Doc #2, *PageID* #s 66-72). On the same day Mycol Auto and Plaintiff executed the Loan Agreement (June 3, 2016), Mycol Auto assigned the loan to Defendant Westlake. *Id*. at 71. Although it seems trifling that the Loan Agreement and assignment to Defendant Westlake occurred on the same day, much turns on this timing, as will be explored after some additional facts are developed.

Plaintiff made multiple payments on her loan. *Id*. at 63-65. But, an August 2017 bill Defendant Westlake sent Plaintiff—another document attached to Plaintiff's Complaint—states that her past due amount was $461.04 plus her current amount due of

3

$285.26 totaled her then-current amount due of $798.30. *Id.* at 59.

Plaintiff alleges that Defendant Westlake "falsely represented that [she] owed an alleged car loan debt. However, [her] alleged debt was actually a line of credit and not a loan, and as such, Defendant falsely represented the character, amount, or legal status of [her] debt." *Id*. at 51 (citation omitted). Plaintiff further asserts that Defendant Westlake attempted to collect a debt with an initial written communication dated August 11, 2017, stating:

> As of the date of this statement, your account is 45 days past due for the amount of [$]461.04. [I]t is urgent that you contact us IMMEDIATELY to make acceptable arrangements to cure this serious default….

*Id*. at 59 (Plaintiff's italics removed). This is an accurate, yet incomplete, quote from the Notice section in the document Defendant Westlake sent Plaintiff in August 2017. *See id*.

Plaintiff claims:

> In stating [her] account was placed in 'Prelegal status,' Defendant implicitly threatened that Plaintiff's account would be … taken into further action if payment was not made, an action Defendant did not actually intend to take, and as such, Defendant falsely represented the character, amount or legal status of [her] debt and further overshadowed and obscured the disclosures required by 15 USC § 1692g(a) *et seq*. during the thirty-day dispute period."
> *Id*. (additional citations omitted).

Plaintiff characterizes Defendant's conduct as highly offensive to a reasonable person.

Plaintiff alleges that on August 30, 2017, Defendant Westlake—through its agent and/or employee Defendant Relentless Towing, Inc.—trespassed on her private properly "and unlawfully obtained [her] private conveyance." *Id*. at 50-51. Defendant Westlake appears to acknowledge that after Defendant Relentless repossessed the vehicle, Plaintiff

4

redeemed it. (Doc. #36, *PageID* #256 (citations omitted)).

Plaintiff seeks an award of actual and statutory damages under the FDCPA and Ohio law.

**IV.    Discussion**

Defendant Westlake contends that it is entitled to judgment on the pleadings because it is a not a "debt collector" as the FDCPA defines one; it is, instead, a "creditor" to whom the FDCPA does not apply. (Doc. #36, *PageID* #s 258-59). Defendant Westlake describes itself "as a creditor to Plaintiff attempting to collect on a debt…" that Mycol Sales assigned to it before Plaintiff defaulted on the Loan Agreement. *Id*. at 257.

The FDCPA regulates the conduct of "debt collectors." 5 U.S.C. 1692k(a); *see Bauman v. Bank of America, N.A*., 808 F.3d 1097, 1100 (6th Cir. 2015) ("To prevail on a claim under § 1692e, a plaintiff must establish that: … the defendant is a 'debt collector' as defined by the FDCPA …."). The FDCPA's wordy definition of "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Montgomery v. Huntington Bank*, 346 F.3d 693, 698 (6th Cir. 2003) (quoting 15 U.S.C. § 1692a(6)). Defendant Westlake would fit this definition if it was in the business of regularly collecting debts owed to another, such as Mycol Auto Sales. This is not the situation here, however, because the Loan Agreement attached to Plaintiff's Complaint establishes that Mycol Auto Sales assigned Plaintiff's debt to Defendant Westlake before her payments were past due in August 2017. This situation

5

excludes Defendant Westlake from the FDCPA's definition of "debt collector":

> "The legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors ... or an assignee of a debt, as long as the debt was not in default at the time it was assigned. *See* S.Rep. No. 95–382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S. Code Cong. & Ad. News 1695, 1698. *See also Kizer v. Finance America Credit Corp.,* 454 F.Supp. 937, 939 (N.D. Miss.1978)."

*Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106 (6th Cir. 1996) (quoting *Perry Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)). Plaintiff's FDCPA claims against Defendant Westlaw collapse under the weight of this statement in *Wadlington*. Plaintiff was not in default on the date Mycol Auto Sales assigned the Loan Agreement to Defendant Westlake. The assignment occurred on the same day Plaintiff purchased the vehicle and entered into the Loan Agreement. Her account did not become significantly past due until August 2017. *See* Doc. #2, *PageID* #s 59, 71. Because Plaintiff was not in default on the terms of the Loan Agreement at the time Defendant Westlake became assignee, Defendant Westlake falls outside the definition of "debt collector" under FDCPA. *See Wadlington*, 76 F.3d at 106-07; *cf. Glazer v. Chase Home Finance LLC*, 704 F.3d 453, 457 (6th Cir. 2013) (mortgage servicer not a FDCPA "debt collector" when servicer became assignee before mortgagee defaulted).

This leaves Defendant Relentless Towing as the sole remaining Defendant. Naturally, Defendant Westlake's Rule 12(c) Motion does not seek dismissal of Plaintiff's claims against Defendant Relentless Towing. Yet, liberally construing Plaintiff's Complaint in her favor, she has failed to raise a plausible FDCPA claim against Relentless Towing because she merely alleges that Relentless Towing unlawfully

6

detained her private conveyance—or, in other words, it repossessed her vehicle. "A repossession agency … does not fall within the definition of 'debt collector' " under the FDCPA. *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003). Additionally, the Clerk of Court previously docketed an entry of default against Relentless Towing. (Doc. #25). This entry of default does ripen into a default judgment under Fed. R. Civ. P. 55 because Plaintiff's Complaint fails to raise a plausible claim against Relentless Towing. *See Jackson v. Correctional Corporation of America,* 564 F.Supp.2d 22, 26–27 (D.D.C. 2008) (and cases cited therein).

Lastly, having found Defendant Westlake's Motion For Judgment On The Pleadings well taken as to Plaintiff's FDCPA claims, and Plaintiff's FDCPA claims against Relentless Towing's subject to dismissal, exercise of the Court's supplemental jurisdiction over Plaintiff's remaining Ohio-law claims is unwarranted. *See* 28 U.S.C. § 1367(c)(3); *see also Winkler v. Madison County*, 893 F.3d 877, 905 (6th Cir. 2018) ("a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims.").

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendant Westlake Services LLC's Motion For Judgment On The Pleadings (Doc. #36) be granted, in part, as to Plaintiff's FDCPA claims and such federal claims be dismissed with prejudice; the Court decline to exercise supplemental jurisdiction over Plaintiff's Ohio-law claims and such claims be dismissed without prejudice;

2. Plaintiff's FDCPA claims against Defendant Relentless Towing be dismissed with prejudice, and the Court decline to exercise supplemental jurisdiction over Plaintiff's Ohio-law claims against Relentless Towing and that her Ohio-law claims be dismissed without prejudice; and

3. The case be terminated on the Court's docket.


February 5, 2019                                *s/Sharon L. Ovington*
                                                Sharon L. Ovington
                                                United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).